UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSETTE EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-464-JED-TLW |
| | ) | |
| **STATE FARM MUTUAL AUTOMOBILE** | ) | |
| **INSURANCE COMPANY and** | ) | |
| **STEPHANIE GAIL COLDIRON,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The Court has for its consideration defendant Stephanie Gail Coldiron's Motion to Remand and Brief in Support (Doc. 21). No response to the motion was filed by plaintiff or defendant State Farm Mutual Automobile Insurance Company ("State Farm"). The Court has also received a "Stipulation for Order of Dismissal with Prejudice" (Doc. 23) signed by counsel for plaintiff and defendant State Farm.

Coldiron's motion to remand argues that, as a result of her joinder as a defendant, the Court now lacks subject matter jurisdiction over this matter because her presence in the litigation destroys complete diversity under 28 U.S.C. § 1332. On August 21, 2013, the Court entered a minute order (Doc. 15) granting plaintiff's motion to amend which sought to add Coldiron as a party. It is now clear that, as an Oklahoma resident, Coldiron destroys complete diversity. "To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). As the McPhail court noted:

> 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded." Further, § 1447(e) states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."

*Id*. Accordingly, this Court lacks jurisdiction and this case must be remanded to Tulsa County District Court.

While it appears to the Court that the parties have reached a settlement[1], in the absence of jurisdiction, the Court is not empowered to give effect to the joint stipulation filed by the parties, even were it in proper form. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1133 n.19 (10th Cir. 2010) ("Therefore, because the district court lacked subject-matter jurisdiction, it was not empowered to enter judgment pursuant to the parties' stipulations concerning the dismissal of the San Juan–Chama claims with prejudice, and that judgment cannot stand.").

**IT IS THEREFORE ORDERED** that defendant Stephanie Gail Coldiron's Motion to Remand and Brief in Support (Doc. 21) is **granted**.

This case is hereby remanded to Tulsa County District Court.

**SO ORDERED** this 6th day of February, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the joint stipulation is defective under Fed. R. Civ. P. 41 as it lacks the signature of "*all* parties who have appeared." *See* Fed. R. Civ. P. 41(a)(1)(A) (italics added). In particular, Coldiron's counsel's signature does not appear on the stipulation.